# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 339 | **DATE** | 7/6/2001 |
| **CASE TITLE** | Dickieson vs. DER Travel, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Barbara Schmidt's motion for judgment on the pleadings (7-1) is denied. Motion to dismiss by DER and Heinz Wesner, treated by the court as motion for judgment on the pleadings (5-1) is also denied. Enter Memorandum Opinion and Order. Discovery is ordered closed on 12/31/01. Any dispositive motion to be filed by 2/1/02. Pretrial order will be due by 3/1/02; and response to any motions in limine by 3/15/02. Pretrial conference set for 4/19/02 at 4:00 p.m. Trial set for 5/20/02 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 6 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 9 2001 date docketed | 20 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | 7/6/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | 01 JUL -6 PM 6:18 | MP | |
| MPJ courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD DICKIESON, )
)
Plaintiff, )
)
v. ) No. 01 C 0339
)
DER TRAVEL SERVICE, INC, a )
Delaware corporation; **DER** )
**TRAVEL SERVICE, INC.**, a )
California Corporation; **HEINZ** )
**WESNER, BARBARA SCHMIDT,** and )
**DEUTSCHE BAHN, INC.**, )
)
Defendants. )



## MEMORANDUM OPINION AND ORDER

Richard Dickieson was vice president of operations for DER Travel Service from 1996 to 2000, when he was fired after – and, he says, because – he cooperated with a criminal antitrust investigation into DER's possibly anticompetitive practices in Europe. He sued in Illinois state court, alleging violations of 42 U.S.C. § 1985(2) (conspiracy to interfere with civil rights) because he maintains that the defendants retaliated against him for assisting the authorities. Dickieson also brings several state law claims. The defendants removed to federal court.

Barbara Schmidt moves for judgment on the pleadings on counts II-IV of the amended complaint. DER (of Delaware only) ("DER-DE") and Heinz Wesner move to dismiss counts II-IV for failure to state a claim. Because they also file an answer, I treat their motion as

a motion for judgment on the pleadings. 5A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ. 2d* § 1357, at 236 (Supp. 2000). The standards for these two motions are the same. *Hentosh v. Herman M. Finch Univ. of Health Sciences/The Chicago Medical School,* 167 F.3d 1170, 1173 (7th Cir. 1998). Accordingly, they "should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). I accept the well-pleaded allegations of the complaint as true for the purposes of this motion. *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 493 (7th Cir. 1998). I deny DER-DE's motion with respect to count IV of the amended complaint (the federal claim) on grounds of claim preclusion or res judicata, and I exercise supplemental jurisdiction over the remaining claims against DER-DE and Schmidt, 28 U.S.C. § 1367(c)(3), and deny the motions for judgment on the pleadings on counts II and III.

I.

DER-DE and Wesner argue that the claim that the defendants violated 42 U.S.C. § 1985, which is the basis for federal jurisdiction here, is barred by claim preclusion, having been decided in a decision by another court in this district. In July, 2000, Judge Shadur dismissed Dickieson's § 1985 claim, where the complaint stated that Wesner and Schmidt had conspired with DER to violate Dickieson's civil rights. *Dickieson v. DER Travel Service,*

No. 00 C 4385, 2000 WL 1051872 (N.D. Ill. July 28, 2000). Judge Shadur reasoned that the § 1985 claim was barred by the intracorporate conspiracy doctrine, which states that a conspiracy cannot exist solely between members of the same legal entity, *Dickieson*, 2000 WL 1051872, at *1 (citing *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr*, 184 F.3d 623, 632-33 (7th Cir. 1999; *Wright v. Illinois Dep't of Children & Family Servs.*, 40 F.3d 1492, 1507-08 (7th Cir. 1994)), and the court found this applied to Dickieson's claim alleging a conspiracy between Schmidt and Wesner as corporate agents and DER, the corporation of which they were agents. The court retained supplemental jurisdiction over the state law claims, but Dickieson voluntarily dismissed these without prejudice under Rule 41(a)(1)(i), on July 31, 2000.

A.

The issue presented here is whether Dickieson can avoid claim preclusion on his current § 1985 claim by adding a party. I conclude that he can. He now alleges a conspiracy among Schmidt, Wesner, DER-DE, and DER (of California) ("DER-CA"). Dickieson says DER-CA is the new party, which was not sued in the prior action.[1] Federal rules of claim preclusion apply when, as here, the previous case was federal. *EEOC v. Harris Chernin, Inc.*, 10 F.3d 1286, 1290

---

[1] The prior suit contained the same allegations, almost word for word, now made against DER-CA. In that suit, the named defendant was DER Travel Services, Inc., which Dickieson now says is separate from DER-CA.

n.4 (7th Cir. 1993). Claim preclusion can be invoked when there exists (1) an identity of the causes of action, (2) an identity of the parties or their privies, and (3) a final judgment on the merits. *Kratville v. Runyon*, 90 F.3d 195, 197 (7th Cir. 1996). The doctrine "bars all claims that were or could have been raised against the parties and their privies in the first case." *Supporters to Oppose Pollution, Inc. v. The Heritage Group*, 973 F.2d 1320, 1325 (7th Cir. 1992).

Because Dickieson now names DER-CA, a separate corporate entity, as an additional party, he argues that the requirements of claim preclusion are not satisfied. I agree. Claim preclusion is not party preclusion. Although the "very object" of the doctrine of claim preclusion is to prevent people from breaking up their claims into separate little pieces and trying to make each one the basis for a separate lawsuit, *Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1320 (7th Cir. 1995), there is no similar requirement that one sue all the parties who might be liable. A plaintiff "'has as many causes of action as there are defendants to pursue.'" *See Northern Assurance Co. v. Square D Co.*, 201 F.3d 84, 88-89 (2d Cir. 2000) (quoting 18 Wright, Miller & Cooper, *Fed. Prac. & Proc. Civ.* 2d § 4407, at 52-53 (1981)); *see also Restatement (Second) of Judgments* § 49 cmt. a (1982) (for preclusion purposes "the claim against others who are liable for the same harm is regarded as separate"). If Dickieson chose to sue one defendant, but not

another, the unadjudicated claim would survive the first judgment, because "[w]hen a litigant files consecutive lawsuits against separate parties for the same injury, the entry of a judgment in the prior action does not bar the claims against other potentially liable parties." *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367 (2d Cir. 1995); *White v. Kelsey*, 935 F.2d 968, 970 (8th Cir. 1991) ("A claim is not terminated against one person who may be liable for a loss by a judgment against another person liable for the loss"); *Gill & Duffus Servs. v. A.M. Nural Islam*, 675 F.2d 404, 406-07 (D.C.Cir. 1982) (per curiam); *McClelland v. Facteau*, 610 F.2d 693, 695 n. 1 (10th Cir. 1979).

The defendants respond that claim preclusion applies nonetheless either because DER-CA "was merely the predecessor" of DER-DE or if, as they concede in reply, DER-CA and DER-DE are separate corporations, and as such, are legally capable of conspiring, there is no conspiracy alleged here. Instead, they say, Dickieson alleges merely that Dickieson was employed first by DER-CA and then DER-DE (DER-DE reply memorandum at 11) or the officers of the two corporations are the same and therefore there can be no intracorporate conspiracy (Schmidt reply at 7). Defendants state that Dickieson alleges that in March 2000, DER-CA's assets were transferred to DER-DE, which became the operating company, and assumed Dickieson's employment contract. The relevant

paragraphs of the amended complaint, Nos. 44 and 45, say that the defendants transferred "some or all" of DER-CA's assets to DER-DE and that DER-DE "purports" to have assumed DER-CA's obligations with regard to his employment contract. Read in the light most favorable to Dickieson, the allegations of the complaint, which I must accept as true for the purposes of this motion, assert the factual non-identity of DER-CA and DER-DE. *See* Amended Complaint, paragraphs 3 and 4 (identifying the corporations as legally separate entities), and *passim* (treating them as separate throughout). Beyond the statement that DER-DE acquired some or all of the assets of DER-CA, the complaint says nothing about relations of successorship between the firms. At any rate, defendants in their replies concede the separate legal relationship between DER-CA and DER-DE.

B.

Because the parties are distinct, claim preclusion does not apply, and Dickieson may sue at least DER-CA under § 1985. In addition, he may maintain a § 1985 lawsuit against DER-DE, although not the one alleging a conspiracy between DER-DE and its officers that was dismissed on the merits. Dickieson argues the contrary because, he says, he dismissed his prior case voluntarily under Rule 41(a)(1)(i), and so the dismissal of the prior § 1985 claim was not a dismissal on the merits. *See Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987). However, the

court stated that it "dismisse[d Dickieson's] Count I claim under Section 1985(2) [for failure to state a claim] . . . . It appears . . . however, that Dickieson wishes to remain in this federal court on the Count II state law claim against DER alone." *Dickieson,* 2000 WL 1051872 at *1. This is clear enough. The Section § 1985 claim was indeed dismissed on the merits on July 27, 2000. The supplemental state law claims were left standing by that order. It was these state law claims, not the § 1985 claim, that were voluntarily dismissed on July 31, 2000. They survived that action. The § 1985 claim already had been decided on the merits. It did not survive that action. The § 1985 claim is therefore barred by claim preclusion insofar as it alleges a conspiracy between DER-DE and its officers, or between Schmidt and Wesner as individual officers of DER-DE.

However, Dickieson is not barred by claim preclusion from maintaining § 1985 claims alleging that the corporate defendants, DER-DE and DER-CA, conspired with each other. Corporations, like natural persons, can conspire with one another if they are independent actors. From the complaint alone I cannot determine the relationship between the two corporations.[2]

---

[2] *Compare Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 771 (1984) (Two corporations under common control are not independent actors for antitrust purposes and cannot be guilty of "conspiring.").

-7-

Defendants argue that the corporations are not alleged to have conspired with one another. In paragraph 47, however, Dickieson alleges that DER-DE has "acted in concert and by agreement with DER-CA, Wesner and Schmidt to continue the discipline and the illegal scheme of reprisal against Dickieson ...." Under federal notice pleading, this is a sufficient allegation of concerted conduct to withstand a motion to dismiss or judgment on the pleadings.

It is not clear that Dickieson is claiming that a conspiracy existed between the individual defendant officers of DEA-CA. Judge Shadur rejected such a claim between the same officers on the ground that the previous complaint speaks "of defendants and their concerns <u>collectively</u> as well as individually." *Dickieson v. DER Travel Service, Inc.*, 00 C 4385 (N.D. Ill. 2000) (slip opinion at 3, n.2) (emphasis in original). The present complaint contains the same allegations. Compare amended complaint, ¶¶ 92, 93 (instant case) with complaint, ¶¶ 44, 45 (earlier complaint). Since such a conspiracy could be brought under section 1985 only if corporate employees were acting solely for their own, as opposed to corporate, interest, *e.g.*, *Payton v. Rush-Presbyterian-St. Luke's Med. Center*, 184 F.3d 623, 633 and n. 9 (7th Cir. 1999), Dickieson's complaint shows he is not entitled to relief under this theory.

II.

I now consider Wesner's motion for judgment on the pleadings with respect to the state law claims. (Schmidt's motions are substantively identical). According to Dickieson, Wesner, motivated by a desire to punish Dickieson for cooperating with the authorities, tortiously interfered with his contract by taking a number of acts, including warning Dickieson that he might lose some responsibilities, taking control of a department that had been under Dickieson's supervision, removing Dickieson from control of a "Call Center," and refusing to extend Dickieson's contract when it expired.

A claim for tortious interference with contractual rights requires: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damage. *HPI Health Care v. Mt. Vernon Hosp.*, 131 Ill. 2d 145, 545 N.E.2d 672, 676, 137 Ill. Dec. 19, 23 (1989).

Wesner argues, first, that he is a corporate officer of DER-DE, and not "another." *See Quist v. Bd. of Trustees of Comm. Coll. Dist. No. 525*, 629 N.E.2d 807, 812 (Ill. App. Ct. 1994). But Illinois law permits a corporate officer to be sued for tortious interference with a contract with the firm that employs him if the

interference "is solely for the person's own gain or is solely for the purpose of harming the plaintiff since such conduct would not have been done to further the corporation's interests." *Chapman v. Crown Glass Corp.*, 557 N.E.2d 256, 263 (Ill. App. Ct. 1990).

In his complaint, Dickieson specifically alleges that Wesner acted to protect himself from possible criminal prosecution and not for any legitimate business reason. That suggests that his interests differ from those of the corporate defendants, and in the context of this motion, I must infer that they did so differ.

Wesner also claims that because Dickieson alleges that the acts in question were done to punish him for cooperating with the antitrust investigation, he must concede that they had a DER-DE related purpose. This would be true only if DER-DE concedes that evading a criminal investigation by punishing a whistleblower is within the scope of DER-DE's purposes. The allegation would seem, rather, to fall squarely under the "solely for the purpose of harming the plaintiff" fork of the *Chapman* exception.

Next, Wesner opposes the claim that he tortiously interfered with Dickieson's prospective economic advantage. This cause of action requires that: (1) the plaintiff must have a reasonable expectancy of a valid business relationship; (2) defendant must know about it; (3) the defendant must intentionally interfere with the expectancy, and so prevent it from ripening into a valid business relationship; and (4) the intentional interference must

injure the plaintiff. *Schuler v. Abbott Labs.*, 639 N.E.2d 144, 147 (Ill. App. Ct. 1993). Wesner argues that he is not distinct from DER-DE, the principal for whom he is an agent. But if Wesner acted solely for his own benefit, under Illinois law he may not hide behind the agency relationship. Wesner also argues that Dickieson does not claim an expectancy because the work he was doing was on behalf of a separate entity called La Ola, Inc. (Dickieson's own company), to which the expectancy, if any, belonged. However, Dickieson treats himself and his company interchangeably, *e.g.*, referring in his response to the motion to dismiss to "Dickieson (La Ola)." The corporate form enables an individual to create a corporate identity distinct from himself for various purposes, that he may invoke to protect himself against certain kinds of liability, but he may decide to waive the protections of the corporate form if he chooses; and in any event the defendants have no standing to assert them on his behalf. I therefore treat Dickieson as having thus waived those protections for purposes of this motion.

Further, Wesner argues that the business expectancies at issue involved an agreement between DER-DE and the SABRE travel service, and so belong to DER-DE and not to Dickieson. However, Dickieson alleges that he was in line to receive a substantial commission for his role in negotiating the agreement, and so he has pleaded a valid business expectancy. Wesner argues that if the contract was

-11-

between DER-DE and SABRE, then Dickieson (or La Ola) had no expectancy, but Dickieson's allegation that he would have been entitled to a commission of savings from the SABRE deal suffices as a response.

III.

I therefore DENY DER-DE's and Wesner's motion for judgment on the pleadings on count IV of the first amended complaint (the § 1985 claim) as against all parties. Wesner's and DER-DE's motions for judgment on the pleadings on counts II and III are DENIED. Schmidt's motions, being identical to DER-DE's and Wesner's, are also DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

Elaine E. Bucklo
United States District Judge

Dated: July 6, 2001